Reversed and Remanded and Memorandum Opinion filed September 23, 2003









Reversed and Remanded and Memorandum Opinion filed September 23, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00796-CV

_______________

 

GENERAL ELECTRIC COMPANY, Appellant

 

V.

 

STEPHEN JEWELL, AN INDIVIDUAL ON
BEHALF OF HIMSELF AND

ALL OTHER SIMILARLY SITUATED PERSONS, Appellees

                                                                                                                                               


On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 99-CV-0563

                                                                                                                                               


 

M E M O R A N D U M   O
P I N I O N

General Electric Company (GE) appeals from the district court=s certification of a nationwide
class. The facts are known to the parties, so we do not recite them here.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.








The trial court certified class claims for breach of
contract, fraud, and violation of Kentucky=s Consumer Protection Act.  After the Supreme Court issued Henry Schein, Inc. v. Stromboe, 102
S.W.3d 675 (Tex. 2003), the class representative withdrew his request for
certification of the fraud and consumer protection claims, and requested remand
of the contract claim to the trial court for reconsideration in the light of Schein.  It is
unclear whether the representative=s abandonment of the first two claims
was intended to be with or without prejudice. 
But in either case, that portion of the trial court=s certification order must be
reversed.  See id. at 692 (holding
plaintiffs= abandonment of several grounds for
certification on appeal required reversal of those portions of certification
order).

Moreover, the class representative=s abandonment of the fraud and
consumer protection claims requires reversal and remand of the remaining
contract claim as well.  In some (but not
all) states, the abandoned claims entitle consumers to damages far beyond those
available in a contract action.  See
Tracker Marine, L.P. v. Ogle, 108 S.W.3d 349, 354 (Tex. App.CHouston [14th Dist.] 2003, no pet.
h.).  Because the claims were not
abandoned until this appeal, the trial court has not considered whether the
waiver of such damages renders a class action inferior to other alternatives,
or whether the class representative is typical of other members in his
willingness to forego them.  The Schein court held that such circumstances require us
to reverse and remand for the trial court to consider them in the first
instance.  102 S.W.3d at 695 (holding
plaintiffs= abandonment of several grounds for
certification on appeal rendered appellate court unable to determine whether
certification remained proper as to remaining claims).[1]








We also hold there was insufficient choice‑of‑law
analysis below.  Before addressing class
certification, the class representative must present and the trial court must
conduct an extensive analysis of the state laws that might apply to each
consumer=s claims.  See Tracker Marine, 108 S.W.3d at
352.  While the trial court held that
Kentucky or Georgia law would govern all claims based on choice-of-law clauses
in the service contracts, those clauses do not apply if the result contravenes
a fundamental policy of a state with a more significant relationship to the
transaction and a materially greater interest in the determination of the
particular issue.  See Chesapeake
Operating, Inc. v. Nabors Drilling USA, Inc., 94
S.W.3d 163, 169-70 (Tex. App.CHouston [14th Dist.] 2002, no pet.); Restatement (Second) of Conflict of Laws ' 187(2)(b) (1971).  Normally, states where consumers encounter
misrepresentations and buy products based on them have a far greater interest
in protecting their own consumers than the state where the manufacturer
resides.  See Tracker Marine, 108
S.W.3d at 355-59.  Further, the unusual
limitation in the choice-of-law clauses here (restricting them to circumstances
in which the contract is not Aotherwise governed by applicable state law@) may render the clause itself
ambiguous and subject to testimony concerning the intentions of the parties in
each contract.

Finally, as we did in Tracker Marine, see id. at
360-61, we note several other matters that may render certification
unsustainable on remand.  First,
certification is generally disfavored in novel claims (as this one appears to
be), because it is hard to say whether common issues will predominate before
one of them ever goes to trial.  See
id. at 361.  Second, the class
representative=s claim for economic injury at the
moment of purchase (even for those who never requested service) may be one that
is not recognized in Texas.  See id. at
362.  Third, the trial court=s reliance on appointment of a
special master and post‑judgment proof‑of‑claim forms or
questionnaires may contravene GE=s right to confront and cross‑examine
each class member on relevant issues.  See
id. at 363.

We reverse the trial court=s certification order and remand for proceedings
consistent with this opinion. 

 

 

/s/        Scott Brister

Chief Justice

 

Judgment rendered
and Memorandum Opinion filed September 23, 2003.

Panel consists of
Chief Justice Brister, Justice Fowler, and Senior
Chief Justice Murphy.[2]











[1]           We
also note that in the event of recertification, the trial court must consider
whether class members are entitled to notice and an opportunity to be heard
before these claims are abandoned.  See Tex. R. Civ. P. 42(e);
Henry Schein, Inc., 102 S.W.3d at 695 (noting
but not deciding whether this is required).





[2]           Senior
Chief Justice Paul Murphy sitting by assignment.